IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| OLUWASEGUN ABIODUN OYEDEJI, | ) ) ) |
| Plaintiff, | ) ) CIVIL ACTION NO.: |
| v. | ) _____ ) ) |
| LANDMARK AT BELLA VISTA, L.P., HIGHMARK RESIDENTIAL SUB, LLC D/B/A MILESTONE MANAGEMENT TRS, INC. and RENTDEBT AUTOMATED COLLECTIONS, LLC, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

# COMPLAINT

1. When Plaintiff deployed with the U.S. Navy overseas for a military mission, his landlord teamed up with a collection agency to report a false debt to the credit bureaus in an attempt to force him to pay money he doesn't owe.

2. **OLUWASEGUN ABIODUN OYEDEJI** ("Plaintiff"), by his attorneys, brings this action for actual damages, statutory damages, punitive damages, injunctive relief, attorneys fees, and costs, against **LANDMARK AT BELLA VISTA, L.P., HIGHMARK RESIDENTIAL SUB, LLC D/B/A MILESTONE MANAGEMENT TRS, INC. and RENTDEBT AUTOMATED**

**COLLECTIONS, LLC** for violations of the Servicemembers Civil Relief Act, 50 U.S.C. § 3901 et seq. (hereinafter "SCRA"), and of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA").

3. All violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

4. Unless otherwise indicated, the use of Defendants' names in this Complaint include all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of those Defendants named.

## JURISDICTION AND VENUE

5. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, 50 U.S.C. § 3901 et seq.

6. This action arises out of Defendants' violations of the Servicemembers Civil Relief Act, 50 U.S.C. § 3901 et seq. (hereinafter "SCRA"), and of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA").

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## SCRA

8. Congress enacted the SCRA in order to:

   a. provide for, strengthen, and expedite the national defense through protection extended by this Act to servicemembers of the United States to enable such persons to devote their entire energy to the defense needs of the Nation; and

   b. provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service. (50 U.S.C. § 3902)

9. The SCRA should be construed liberally. *See LeMaistre v. Leffers*, 333 U.S. 1, 6 (1948) ("The Act should be read with an eye friendly to those who dropped their affairs to answer their country's call.").

10. When the Attorney General commences a civil action against a person who engages in a pattern or practice of violating the SCRA, it may recover all of the relief afforded to a Servicemember plus, in order to vindicate the public interest, a civil penalty of up to $55,000 for a first violation and up to $110,000 for every subsequent violation. (50 U.S.C. § 4041).

11. The SCRA grants any aggrieved person a private right of civil action and the right to obtain equitable relief, monetary damages, punitive damages, costs and attorneys fees, and "all other appropriate relief." (50 U.S.C. § 4042).

## FDCPA

12. In enacting the FDCPA, Congress found that:

   a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

   b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

   c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

   d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

   e. It is the purpose of this title to eliminate abusive debt collection practice by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect Consumers against debt collection abuses. 15 U.S.C. § 1692.

13. The FDCPA is a strict liability statute. That is, a plaintiff need not prove intent or knowledge on the part of the debt collector to establish liability. *See Abby v. Paige*, No. 10-23589-CIV, 2013 WL 141145, at *7 (S.D. Fla. Jan. 11, 2013) aff'd, 553 F. App'x 970 (11th Cir. 2014) ("It is irrelevant whether [the] plaintiff was actually misled. It is also irrelevant whether [the defendant] intended to mislead her."); *see also LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010) ("The FDCPA does not ordinarily require proof of an intentional violation and, as a result, is described by some as a strict liability statute.").

14. To further protect consumers, claims under the FDCPA are to be judged according to the "least sophisticated debtor" or "least sophisticated consumer" standard. *LeBlanc* at 1193. This standard is lower than the "reasonable debtor" standard, and is specifically designed to protect consumers of below average and sophistication or intelligence. *Id.*

**PARTIES**

15. Plaintiff is a natural person who resides in Gwinnett County, State of Georgia. Plaintiff is currently and at all times complained of, a "Servicemember" serving a "period of military service" as those terms are defined by 50 U.S.C. § 3911 and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

16. Defendant Landmark at Bella Vista, L.P. (hereinafter "Defendant Landmark") is a Connecticut limited partnership operating from an address of 591 West Putnam Ave., Greenwich, CT 06830. Defendant Landmark owns and operates an apartment complex in Duluth, Georgia, and is registered to do business in the state of Georgia.

17. Defendant Highmark Residential Sub, LLC d/b/a Milestone Management TRS, Inc. (hereinafter "Defendant Milestone") is a Connecticut limited liability company operating from an address of 591 West Putnam Ave., Greenwich, CT 06830. Defendant Milestone owns and operates an apartment complex in Duluth, Georgia, and is registered to do business in the state of Georgia.

18. Defendant RentDebt Automated Collections, LLC (hereinafter "Defendant RentDebt")  is a Tennessee limited liability company operating from an address of 2802 Opryland Dr., Nashville, TN 37214, and is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate, it operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Georgia, its principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others, and, in fact was acting as a debt

collector as to the delinquent consumer debt it attempted to collect from Plaintiff. Defendant RentDebt is registered to do business in the state of Georgia.

19. Plaintiff is informed and believes, and thereon alleges that at all times herein mentioned Defendants were agents, officers, directors, managing agents, employee and/or joint venturer of each of their co-defendants and, in doing the things hereafter mentioned, each was acting in the scope of its authority as such agent, officer, director, managing agent, employee, and/or joint venturer, and with the permission, knowledge, ratification, and consent of their co-defendants, and each of them. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## FACTUAL ALLEGATIONS

20. Plaintiff is an individual residing in Gwinnett County, Georgia.

21. At all times relevant, Defendants conducted and continue to conduct business in the State of Georgia.

22. For over six years, Plaintiff was a faithful tenant of the Landmark at Bella Vista Apartments in Georgia. He is also a member of the United States Navy Reserve.

23. On November 15, 2019, Plaintiff, in accordance with SCRA § 3955, provided written notice via email to Defendants Landmark and Milestone that he had received military orders to deploy overseas for a period of more than 90 days and that

7

he would be vacating his apartment on December 17, 2019.

24. In that written notice, Plaintiff supplied Defendants Landmark and Milestone with a copy of his military orders.

25. Defendants Landmark and Milestone know that Plaintiff is a servicemember.

26. In response, on November 18, 2019, Defendants Landmark and Milestone rejected Plaintiff's notice citing his failure to supply the "correct form," instructed Plaintiff that 60 days' notice was required, and told Plaintiff that he would be "breaking the lease since it does not end until 04/27/2020."

27. On December 17th, 2019, Plaintiff had cleaned and vacated his apartment in order to report to the Navy for an Active Duty assignment overseas.

28. On December 20, 2019, Defendants Landmark and Milestone prepared a "Move-out Statement" dunning Plaintiff for, among other things, "30 days short on notice to vacate" and a "Reletting Fee."

29. Defendants Landmark and Milestone hired Defendant RentDebt to collect this debt from Plaintiff.

30. On information and belief, on or about February 17, 2020 and continuing through the present, every month Defendants furnish information to the Consumer Reporting Agencies, including but not limited to, Experian, Equifax, and TransUnion,

that Plaintiff owes over $2,000.

31. Plaintiff is a Logistics Specialist in the U.S. Navy who has a very rare regional linguistic skill and deals regularly with classified information.

32. Plaintiff discovered Defendants' dunning when he received a credit alert from his bank notifying him that his FICO score had dropped 52 points. Upon investigation, Plaintiff noticed that Defendants furnished information to the Consumer Reporting Agencies, including but not limited to, Experian, Equifax, and TransUnion, that he owes over $2,000.

33. Plaintiff requires a Security Clearance to do both his civilian and military jobs. Without it, he would likely be fired from his civilian job and administratively separated from the Navy.

34. Bad credit is a red flag for Security Clearance investigators and "financial considerations" account for the overwhelming majority of Security Clearance denials and revocations adjudicated by the Department of Defense.

35. On or about May 12, 2020, Defendant RentDebt dunned Plaintiff by letter on behalf of Defendants Landmark and Milestone for an amount including the early termination and reletting fees.

36. On July 7, 2020, Lieutenant, Junior Grade, Casey A. Connolly, a military attorney with the Jude Advocate General's Corps, sent a letter to Defendant Landmark

via Electronic Mail and USPS.

37. The letter from LTJG Casey instructed Defendants that their efforts to collect early termination and reletting fees violate the SCRA, and demanded that they immediately cease collection on the alleged debt.

38. Defendant Landmark received the letter from LTJG Casey.

39. Defendants ignored the letter from LTJG Casey, and continue to attempt to collect this unlawful debt from Plaintiff.

40. Since being notified in writing by a military attorney of their alleged violation of the SCRA, Defendants Landmark and Milestone have neither responded nor changed their position.

41. On information and belief, no Defendant has notified any of the Consumer Reporting Agencies that Plaintiff disputes this debt.

42. Plaintiff has suffered actual damages as a result of these illegal tactics by these Defendants in the form of pecuniary loss, invasion of privacy, personal embarrassment, loss of personal reputation, loss of productive time, nausea, and feelings of fear, anxiety, hopelessness, anger, persecution, severe emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF THE SCRA

### (AGAINST DEFENDANTS LANDMARK AND MILESTONE)

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. Pursuant to § 3955 of the SCRA, provision of written notice of termination of a residential lease along with a copy of the servicemember's military orders terminates the lease and "the lessor may not impose an early termination charge…"

45. Defendants Landmark violated the SCRA by various acts and omissions, including but not limited to, knowingly and willfully pursuing Plaintiff for false "debts" related to the termination of his lease due to military orders.

### COUNT II

### VIOLATION OF THE FDCPA

### (AGAINST DEFENDANT RENTDEBT)

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. A debt collector violates § 1692e of the FDCPA when it uses any false,

deceptive, or misleading representation or means in connection with the collection of any debt.

48. Defendant RentDebt violated the FDCPA when it, among other qualifying actions and omissions, willfully made false representations of the character, amount, or legal status of Plaintiffs debt and communicated or threatened to communicate credit information which was known or which should have been known to be false, including the failure to communicate that the disputed debt was disputed.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:

    a) Award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) against Defendant RentDebt and for Plaintiff, and,

    b) Award of actual damages pursuant to 50 U.S.C. § 4042 (SCRA) against each of Defendants Landmark and Milestone and for Plaintiff, and,

    c) Award of statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) against Defendant RentDebt and for Plaintiff, and,

    d) Award of costs of litigation and reasonable attorney's fees pursuant to 50 15 U.S.C. § 1692k(a)(1) (FDCPA), against Defendant RentDebt and for Plaintiff, and,

e) Award of costs of litigation and reasonable attorney's fees pursuant to 50 U.S.C. § 4042 (SCRA), against each of Defendants Landmark and Milestone and for Plaintiff, and,

f) Award to Plaintiff of such other and further relief as may be just and proper, including but not limited to, restitution, declaratory and injunctive relief.

## **TRIAL BY JURY IS DEMANDED.**

49. Plaintiff demands a trial by jury.

DATED: November 4, 2020

>By: /s/ Jeffrey B. Sand
>Jeffrey B. Sand
>Andrew L. Weiner
>WEINER & SAND LLC
>800 Battery Avenue SE
>Suite 100
>Atlanta, Georgia 30339
>(404) 205-5029 (Tel.)
>(404) 254-0842 (Tel.)
>(866) 800-1482 (Fax)
>js@atlantaemployeelawyer.com
>aw@atlantaemployeelawyer.com
>
>Michael F. Cardoza (pro hac vice motion to be filed)

13

The Cardoza Law Corporation
548 Market St. #80594
San Francisco, CA 94104
(415) 488-8041 (Tel.)
(415) 651-9700 (Fax)
Mike.Cardoza@cardozalawcorp.com

COUNSEL FOR PLAINTIFF